# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2017 APR 17 AM 11: 14
COURT OF APPEALS DIV 1

In the Matter of the Dependency of

D.A.S., d/o/b 2/22/2002,

    A Minor Child.

STATE OF WASHINGTON, THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES,

    Respondent,

v.

LEONA LEE,

    Appellant.

No. 75065-8-I

(Consolidated with Nos. 75066-6-I, 75067-4-I, 75068-2-I, and 75069-1-I)

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 17, 2017

LEACH, J. — Leona Lee appeals an order terminating her parental rights to five children. She argues that the guardian ad litem (GAL) improperly appeared as both a witness and an advocate at trial. Because no statutory provision, ethical rule, or rule prescribing GAL standards prohibited the GAL from both advocating on behalf of the children's best interests and testifying as a witness at the termination trial, her conduct did not violate Lee's due process rights. We affirm.

FACTS

Lee raises only a discrete legal issue on appeal about the GAL's role at the termination trial, so we need not provide the extensive facts of this case. She has eight children. Five are the subject of this appeal. The Department of Social and Health Services (Department) removed the children from her care in November 2012. The court appointed Joan Freeman, a Washington attorney, as the GAL in January 2013. Freeman served as the GAL throughout the dependency and termination proceedings.

A lengthy termination trial took place over the course of several weeks in February and March 2016. The court appointed attorneys to represent the two oldest of the five children at the termination trial. Both asked that Freeman continue to represent them as their GAL. The court considered the testimony of about 20 witnesses, including Lee, multiple social workers, visitation supervisors, a clinical psychologist, and therapeutic providers for the children. The GAL participated in all facets of the case: she filed motions, cross-examined witnesses, called witnesses, including herself, after the Department presented its case, and made a closing argument.[1]

---

[1] A colleague of the GAL from the dependency CASA (court-appointed special advocate) program conducted the direct examination of the GAL.

At the conclusion of the trial, the court found that the Department had proved the elements set forth in RCW 13.34.180(1) and concluded that termination of Lee's parental rights was in the best interests of the children.[2] Lee appeals.

## ANALYSIS

Lee seeks reversal of the termination order. She claims that the GAL's "dual role" in the termination proceeding violated her right to due process.

To decide whether a procedure violates due process, a court balances three factors: (1) the parents' interests, (2) the risk of error created by the procedures used, and (3) the countervailing governmental interest supporting use of the challenged procedure.[3] Applying these principles, the due process protections afforded parents in a termination hearing include notice, open testimony, time to prepare and respond to charges, and a meaningful hearing before a competent tribunal in an orderly proceeding.[4]

In a proceeding to terminate parental rights, the court "shall appoint a guardian ad litem" for the child who is the subject of the proceeding, unless good

---

[2] The court terminated the parental rights of each child's father before trial.

[3] In re Welfare of Key, 119 Wn.2d 600, 610-11, 836 P.2d 200 (1992); Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); Santosky v. Kramer, 455 U.S. 745, 754, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982).

[4] In re Dependency of H.W., 70 Wn. App. 552, 555 n.1, 854 P.2d 1100 (1993); In re Moseley, 34 Wn. App. 179, 184, 660 P.2d 315 (1983).

cause makes this appointment unnecessary.[5] As an initial matter, Lee asserts

that the GAL in this case "appeared as the attorney for all five children." But the

record clearly shows that Freeman participated in the case as the children's GAL,

not as legal counsel.[6]

RCW 13.34.105 outlines the responsibilities of a GAL in a dependency

case. Those duties include, but are not limited to, the duty to (1) investigate,

collect relevant information about the child's best interests, and report this

information to the court; (2) meet with, interview, or observe the child, and report

to the court any views or positions expressed by the child on issues pending

before the court; (3) make recommendations based upon an independent

investigation of the child's best interests; and (4) represent and be an advocate

for the child's best interests.[7] The GAL is also required to participate in the

proceeding.[8] This participation may include, among other things, filing

documents, requesting hearings, responding to discovery, presenting evidence,

---

[5] RCW 13.34.100(1).
[6] This statement is misleading notwithstanding Lee's assertion in her reply brief that she simply meant that the GAL is a licensed attorney who had filed a notice of appearance in the case.
[7] RCW 13.34.105(1)(a)-(h); GALR 3.
[8] GALR 4(e).

-4-

and examining witnesses.[9] The GAL has these duties whether or not the GAL is an attorney.[10]

Lee argues that the GAL acted outside her statutory authority by testifying at a termination trial in which she also acted as an advocate.

Neither the statute describing the GAL's duties, RCW 13.34.105, nor the rules adopted by the Supreme Court governing GAL representation explicitly address GAL testimony. Nothing in Title 13 RCW prohibits the GAL from presenting evidence, including the GAL's own testimony. The statutory list of GAL responsibilities is expressly nonexclusive. GALs, in fact, routinely testify about their recommendations and the basis for those recommendations in termination proceedings.[11] In a case involving a GAL appointed under Title 26 RCW, this court held that GAL testimony is admissible even though a GAL is not an expert witness as defined by ER 702. In Fernando v. Nieswandt,[12] we explained,

> The statutes which authorize the appointment of the guardian ad litem authorize the family courts to hear the opinions of

---

[9] GALR (4)(h).

[10] RCW 13.34.105(1).

[11] See, e.g., In re Parenting Rights to K.M.M., 186 Wn.2d 466, 474, 487, 379 P.3d 75 (2016); In re Welfare of L.N.B.-L., 157 Wn. App. 215, 256, 237 P.3d 944 (2010); In re Welfare of T.B., 150 Wn. App. 599, 605-06, 615-16, 209 P.3d 497 (2009).

[12] 87 Wn. App. 103, 107, 940 P.2d 1380, review denied, 133 Wn.2d 1014 (1997).

a witness who would not be a traditional expert under ER 702. A
guardian ad litem is not appointed as an 'expert.' Rather, she is
appointed to investigate the child and family situation for the court
and make recommendations. In effect, she acts as a neutral
advisor to the court and, in this sense, is an expert in the status and
dynamics of that family who can offer a common sense impression
to the court. But the court is also free to ignore the guardian ad
litem's recommendations if they are not supported by other
evidence or it finds other testimony more convincing.

Following this rationale, we held that GAL opinion testimony is admissible in

guardianship cases.[13]

Lee contends that because the GAL in this case is a licensed Washington

attorney, RPC 3.7 controlled her advocacy. RPC 3.7, and its historical

antecedent, the advocate-witness rule, prohibit a lawyer who is representing a

client from acting as both an advocate and a witness in the same case.[14] RPC

3.7 provides,

**(a)** A lawyer shall not act as advocate at a trial in which the
lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal
services rendered in the case;
(3) disqualification of the lawyer would work substantial
hardship on the client; or
(4) the lawyer has been called by the opposing party and the
court rules that the lawyer may continue to act as an advocate.
**(b)** A lawyer may act as advocate in a trial in which another
lawyer in the lawyer's firm is likely to be called as a witness unless
precluded from doing so by Rule 1.7 or Rule 1.9.

---

[13] In re Guardianship of Stamm, 121 Wn. App. 830, 837, 91 P.3d 126
(2004).

[14] State v. Lindsay, 180 Wn.2d 423, 437, 326 P.3d 125 (2014); United
States v. Prantil, 764 F.2d 548, 552-53 (9th Cir. 1985).

A trial court has the authority under RPC 3.7 to disqualify a lawyer representing a client in the case who is likely to be a necessary witness and refuses to withdraw from the case.[15] Lee did not seek to discharge or disqualify the GAL.

According to the juvenile dependency and termination statutes and the rules governing GAL conduct, GAL representation is distinct from legal representation.[16] The preamble and scope of the RPCs, and the rules themselves, make it clear that the rules of professional responsibility apply to lawyers providing legal representation to clients. For instance, the rules require that in representing the legal interests of clients, lawyers must "conscientiously and ardently" assert the client's position and are obligated to "abide by the client's decisions concerning the objectives of representation."[17] In contrast, a GAL, whether or not a lawyer, is ethically obligated to advocate on behalf of the best interests of the client, regardless of whether that position is contrary to the wishes of the person on whose behalf the GAL is appointed. While lawyers owe duties of loyalty and confidentiality toward the clients they represent, GALs must necessarily divulge information to the court. A GAL must "maintain

---

[15] See Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co., 124 Wn.2d 789, 811-12, 881 P.2d 1020 (1994).

[16] In re Dependency of M.S.R., 174 Wn.2d 1, 21, 271 P.3d 234 (2012).

[17] RPC pmbl. 2; RPC 1.2(a).

independence, objectivity and the appearance of fairness."[18]  If the GAL is appointed to represent a child over the age of 12, the GAL must inform the child, as she did in this case, about the right to request counsel and make a recommendation to the court about appointment of counsel.[19]  GALR 2(a) explicitly distinguishes between the roles of the GAL and legal counsel:

> A guardian ad litem shall represent the best interests of the person for whom he or she is appointed.  Representation of best interests may be inconsistent with the wishes of the person whose interest the guardian ad litem represents.  The guardian ad litem shall not advocate on behalf of or advise any party so as to create in the mind of a reasonable person the appearance of representing that party as an attorney.

Our Supreme Court has also recognized that the function and ethical obligations of GALs are different from those of attorneys providing legal representation.

> Judges are forced to make incredibly difficult and important determinations.  The judge must rely upon the information provided by others.  GALs and volunteer CASAs are invaluable to courts.  They are often the eyes and ears of the court and provide critical information about the child and the child's circumstances.  We recognize that GALs and CASAs are not trained to, nor is it their role to, protect the legal rights of the child.  Unlike GALs or CASAs, lawyers maintain confidential communications, which are privileged in court, may provide legal advice on potentially complex and vital issues to the child, and are bound by ethical duties.  Lawyers can assist the child and the court by explaining to the child the proceedings and the child's rights.  Lawyers can facilitate and expedite the resolution of disputes, minimize contentiousness, and

---

[18] GALR 2(b).
[19] RCW 13.34.105(1)(g).

-8-

effectuate court orders.   Randi Mandelbaum, *Revisiting the Question of Whether Young Children in Child Protection Proceedings Should Be Represented by Lawyers*, 32 LOY. U. CHI. L.J. 1, 61–62 (2000).  We recognize the different, important, and valuable roles of GALs, CASAs, and counsel to children in dependency and parental termination proceedings.[20]

The comments to RPC 3.7 reflect the rule's underlying policies:  to prevent confusion on the part of the trier of fact and prejudice to the "opposing party."[21] The rule is intended to ensure that juries "ground their decisions on the facts of a case and not on the integrity or credibility of the advocates."[22]  The rule also seeks to prevent the trier of fact from automatically attributing "prestige and prominence" to the lawyer's testimony.[23]  The testimony of the GAL in this case does not implicate these policies.   As in all cases involving termination of parental rights, the court decided the facts.  There is no possibility that the court was misled or confused by the role of the GAL as both an advocate and a witness.  There was no danger of prejudice to either party. Both parties benefit from the ability to cross-examine the GAL about the GAL's investigation and recommendations.  The GAL does not represent an "opposing party" and does not advocate for the position of the Department or the parent.  Judges fully appreciate the role of the GAL.  "Judges understand that the GAL presents one

---

[20] M.S.R., 174 Wn. 2d at 20-21 (footnote omitted).
[21] See RPC 3.7 cmt. 1, 2.
[22] Prantil, 764 F.2d at 553.
[23] Prantil, 764 F.2d at 553.

source of information among many, that credibility is the province of the judge, and can without difficulty separate and differentiate the evidence they hear."[24]

The GAL did not violate any statutory mandate or ethical or court rule by testifying at the termination trial. RPC 3.7 does not apply because the GAL did not provide legal counsel to the children. Especially in a termination case like this one where the judge is the trier of fact, the GAL's role as both an advocate and a potential witness does not create a risk of error.

Because Lee fails to establish that the GAL's testimony violated any statute or court rule, she cannot demonstrate that her trial counsel was constitutionally deficient for failing to object to it. We reach this conclusion under both the civil standard described in In re Moseley[25] and the more rigorous criminal standard for effective assistance of counsel described in Strickland v. Washington.[26]

Finally, Lee asserts that the State failed to prove the statutory elements required to terminate her parental rights under RCW 13.34.180 and failed to prove that termination of the parent-child relationship was in the children's best interests. But she does not discuss the evidence or identify any deficiency in the State's proof. We do not further address this argument.

---

[24] Stamm, 121 Wn. App. at 841.
[25] 34 Wn. App. 179, 184, 660 P.2d 315 (1983).
[26] 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

We affirm the termination order.

_Leach, J._

WE CONCUR:

_Cox, J._

_Becker, J._